## Weaverling v. Thropp, Appellant.

*Negligence—Master and servant—Unguarded machinery—Contributory Negligence—Case for jury.*

In an action to recover damages for personal injuries a verdict and judgment for plaintiff will be sustained where it appears that plaintiff was an all around laborer at defendant's furnace, that having finished the work he was engaged in, he went to the furnace building to eat, that while he was passing an uncovered and unguarded section of a metal trunk in the floor in which a screw shaped shaft revolved, he was asked by a fellow workman to hand him a hose, and while doing this he stepped into the trunk, which on his testimony was hid from view by steam and dust, and was injured.

Argued May 6, 1912. Appeal, No. 2, Jan. T., 1912, by defendant, from judgment of C. P. Bedford Co., Sept. T., 1911, No. 236, on verdict for plaintiff in case of Harold Weaverling, by his Grandfather and next friend, George Smith v. Joseph E. Thropp. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WOODS, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,000.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal to direct a verdict for defendant.

*Alvin T. Little,* for appellant.

*J. H. Longenecker,* for appellee.

PER CURIAM, July 2, 1912:

The plaintiff was employed as a laborer at the defendant's furnace to do whatever kind of work might be assigned to him. On the night he was injured he had been digging down ore in the stockhouse and having finished his work there he went to the furnace building where he and other workmen kept their dinner buckets to get something to eat. In this building there was a screw shaped shaft that revolved in a metal trunk in the floor and removed waste from the dust flue to the outside of the building. A section of this trunk, at the side of a walk, was uncovered and unguarded. As the plaintiff was passing this section he was asked by a fellow workman to hand him a hose and while doing this he stepped into the trunk and was injured.

The negligence alleged was in not guarding the machinery in the furnace building as required by the act of assembly. The main grounds of defense were: 1, contributory negligence; 2, that the plaintiff was at a place where he was not employed to be and was doing something out of the scope of his employment. Under the plaintiff's testimony, the trunk was hid from view by steam and dust and the danger was unseen and he was in the furnace building for a proper purpose

and did what it was customary for one workman to do at the request of another. This testimony necessarily carried the case to the jury. While some parts of the charge are open to criticism, considering it as a whole, we find no error that calls for reversal.

The judgment is affirmed.